Frederick L. Whitmer
**THELEN REID BROWN RAYSMAN & STEINER LLP**
875 Third Avenue
New York, New York 10022
Tel: (212) 603-2000
Fax: (212) 603-2001

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | | |
|---|---|---|
| MIROGLIO S.p.A., and TRANSFERTEX G.m.b.H & Co., | : | **ECF CASE** |
| | : | Case No. 07 CV 6306(LAK) |
| | : | |
| Plaintiffs, | : | **COMPLAINT and** |
| | : | **JURY DEMAND** |
| -against- | : | |
| | : | |
| TRANSPRINT USA, INC., | : | |
| | : | |
| Defendant. | : | |

-------------------------------------------------------------x

Plaintiffs Miroglio S.p.A. and Transfertex G.m.b.H. & Co.,. (collectively "Plaintiffs"), by its undersigned attorneys, for its Complaint herein alleges, upon knowledge as to itself and otherwise upon information and belief, as follows:

## FIRST COUNT

## PARTIES

1. Miroglio, S.p.A ("Miroglio") is a corporation organized and existing under the laws of the Republic of Italy, with its principal place of business in Alba, Italy. Miroglio is engaged in the business of creating, designing, marketing and selling designs and produces heat transfer paper that is used for, among other purposes, to produce home furnishings and apparel goods.

2. Transfertex, G.m.b.H. & Co., ("Transfertex") is a German limited liability company with its principal place of business in Kleinostheim, Germany. Transfertex, like Miroglio, is engaged in the business of creating, designing, marketing and producing heat transfer paper that is used for, among other purposes, to produce home furnishings and apparel goods.

3. Upon information and belief, Transprint is a Virginia corporation with a principal place of business at 1000 Pleasant Valley Road, Harrisonburg, Virginia 22801 with a place of business in this judicial district at 462 Seventh Avenue, New York, New York. Transprint designs and produces heat transfer paper that is used for, among other purposes, to produce home furnishings and apparel goods.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331(a), and pursuant to 28 U.S.C. §2201 et seq. in that this action involving an actual case or controversy, between citizens of different states; the plaintiffs being each foreign corporations, in which the matter in controversy exceeds $75,000.00, exclusive of interest and costs,

5. Venue is proper in this District under 28 U.S.C. § 1391(b) in that the defendant may be found in this District, and a substantial part of the events giving rise to the claims stated herein occurred in this District.

## CLAIMS FOR RELIEF

6. On April 5, 2007, Miroglio and Transfertex cooperated jointly at an auction held in France respecting the acquisition of certain designs for the creation of heat transfer papers from Sublistatic International ("Sublistatic"), an insolvent French company.

7. Pursuant to an agreement between Miroglio and Transfertex, each was to contribute equally to the purchase price of the Sublistatic designs, although only Transfertex would bid on the purchase of the Sublistatic designs.

7. At the auction held pursuant to the insolvency proceedings respecting Sublistatic in France on April 5, 2007, there were numerous persons and entities present, including representatives of Defendant Transprint. At the conclusion of the bidding for the Sublistatic designs, Transfertex had made the highest bid, was awarded the right to purchase the exclusive rights to the Sublistatic designs. and subsequently completed the purchase of the complete design and fabric sample collection of Sublistatic, with all intellectual and industrial property rights pertaining thereto, including all technical data and elements attached to those rights, and samples, copyrights, trademarks and any rights appurtenant thereto.

8. Pursuant to the agreement between Miroglio and Transfertex, Miroglio and Transfertex each performed their respective obligations and, subsequently, Mirolglio and Transfertex have allocated half of the designs to each entity respectively. Accordingly, Miroglio and Transfertex together now own and control the use, exploitation, promotion, marketing and sale of the Sublistatic designs.

9. Notwithstanding the fact that Transprint was present at the April 5, 2007 auction concerning the Sublistatic designs and witnessed Transfertex' success in making the winning bid on behalf of Miroglio and Transfertex, and notwithstanding that Transprint made no effort to purchase the Sublistatic designs at the auction, subsequent to Miroglio's and Tranfertex' purchase of the Sublistatic designs, Defendant Transprint has now asserted purported rights to some of the Sublistatic designs that Plaintiffs Miroglio and Tranfertex purchased on April 5, 2007. Transprint's assertions are without foundation in law or fact. Transprint has no rights in the Sublistatic designs.

10. Plaintiffs have demanded that Transprint cease and desist from taking any action, directly or indirectly, to offer, promote, market or sell any product or service incorporating any Sublistatic design, including a demand that Transprint discontinue any efforts to promote or publicize the purported fact that Transprint has rights to any Sublistatic designs..

11. In derogation of Plaintiffs' rights, and contrary to the clear import of the April 5, 2007 auction, Transprint has steadfastly refused to cease its activity to offer, promote or market Sublistatic designs, which are now, by virtue of the April 5, 2007 purchase by Miroglio and Transfertex, the exclusive property of Plaintiffs Miroglio and Transfertex. Transprint's actions inflict injury to the business and property of Miroglio and Transfertex.

12. An actual case or controversy accordingly exists concerning Transprint's misappropriation of Plaintiffs' exclusive rights to Sublistatic designs, requiring the judicial intervention of this court to declare the rights of Plaintiffs to be superior to Defendant.

## COUNT TWO

1. Plaintiffs repeat and make a part hereof all the allegations of Count One hereof.

2. Defendant Transprint's conduct constitutes interference with Plaintiffs' prospective economic advantage in the promotion, marketing and sale of Sublistatic designs and in contravention of the rights that Plaintiffs lawfully acquired in the April 5, 2007 auction.

3. Transprint's conduct has injured Plaintiffs in their business and property in an amount to be determined at trial.

4. In the absence of equitable relief, enjoining and restraining Defendant from taking actions inconsistent with Plaintiffs' exclusive rights to the ownership of the Sublistatic designs, Plaintiffs will continue to suffer irreparable harm for which Plaintiffs have no adequate remedy at law.

NY #1166180 v2

## **COUNT THREE**

1.Plaintiffs repeat and make a part hereof all the allegations of Count One and Two.

2.Defendant's conduct in asserting putative rights over certain Sublistatic designs constitutes interference with Plaintiffs' contractual relatiosn related to Plaintiff's lawful acquisition of the Sublistatic designs at the April 5, 2007 auction.

3.Defendant's conduct has caused and continues to cause injury to Plaintiffs' business and property in an amount to be determined at trial.

4.Absent injunctive relief against Defendants, enjoining and restraining Defendant from asserting any purported rights over Sublistatic designs, Plaintiffs will continue to suffer irreparable harm without adequate remedy at law.

WHEREFORE, Plaintiffs pray for judgment from this Court in their favor and as against Defendant Transprint, Inc., as follows:

A.A Declaration of rights that Plaintiffs are the sole and exclusive owners of all Subilstatic Designs, including, without limitation, the complete design and fabric sample collection of Sublistatic, with all intellectual and industrial property rights pertaining thereto, including all technical data and elements attached to those rights;

B.A preliminary and permanent injunction enjoining and restraining Defendant Transprint, its officers, directors, managing agents, servants, attorneys and all other persons in active concert or participation with Defendant, from taking any action, directly or indirectly to assert rights over any Sublistatic design or to promote, market or sell any product or service, incorporating or benefiting from any Sublistatic design;

  C. Directing Defendant to deliver up for destruction all materials in its possession, custody and control, incorporating any Sublistatic design;

  D. Directing an accounting and judgment be rendered against defendant for:

   (1) all profits received from the use, distribution or sale of Sublistatic design since April 5, 2007;

   (2) Compensatory damages;

  E. Costs of suit; and,

  F. Such other and further relief as the Court deems just, proper and equitable.

Dated: New York, New York
    July 9, 2007

         THELEN REID BROWN
         RAYSMAN & STEINER LLP


         By: *s/Frederick L. Whitmer*
           Frederick L. Whitmer


         875 Third Avenue
         New York, NY 10022
         Telephone: (212) 603-2000
         Facsimile: (212) 603-2001

         Attorneys for Plaintiff's
         Miroglio S.p.A. and Transfertex G.m.b.H. & Co.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, and in accordance with their rights undetr the Seventh Amendment to the Constitution of the United States, Plaintiff's Miroglio, S.p.A. and Transfertex, G.m.b.H. & Co. hereby demand a trial by jury as to all issues triable by a jury at law.

Dated:  New York, New York
          July 9, 2007

                      THELEN REID BROWN
                      RAYSMAN & STEINER LLP


                      By: *s/Frederick L. Whitmer*
                          FREDERICK L. WHITMER


                      875 Third Avenue
                      New York, NY 10022
                      Telephone:  (212) 603-2000
                      Facsimile:  (212) 603-2001

                      Attorneys for Plaintiff's
                      Miroglio, S.p.A. and Transfertex, G.m.b.H. & Co.