UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

MIROGLIO S.p.A. and TRANSFERTEX
G.m.b.H. & Co.

                              Plaintiffs,

      -against-

TRANSPRINT USA, INC.,

                             Defendant.

-----------------------------------------------------------x

Index No. 07 CV 6306 (LAK)

**ANSWER AND
COUNTERCLAIMS**

Defendant Transprint USA, Inc. ("Transprint," or "Defendant") by its undersigned attorneys, for its Answer and Counterclaims to the complaint of Miroglio S.p.A. and Transfertex G.m.b.H. & Co. (together, "plaintiffs") aver as follows, with Transprint's answer set forth in numbered paragraphs that correspond to those in plaintiffs' complaint:

## ANSWER

### Count One

1. Transprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1, and so denies those allegations on that basis.

2. Transprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2, and so denies those allegations on that basis.

3. Transprint admits the allegations set forth in paragraph 3.

4. The allegations set forth in paragraph 4 constitute conclusions of law to which no responsive pleading is required, and are denied on that basis.

5.  The allegations set forth in paragraph 5 constitute conclusions of law to which no responsive pleading is required, and are denied on that basis.

6.  Transprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6, and so denies those allegations on that basis.

7.  Transprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7, and so denies those allegations on that basis.

7 (sic). Transprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 (sic), and so denies those allegations on that basis, except that Transprint admits that a representative of Transprint was present at an auction of Sublistatic assets in France in April of 2007.

8.  Transprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8, and so denies those allegations on that basis.

9.  Transprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9, and so denies those allegations on that basis, except that Transprint admits that it has some continuing responsibilities with respect to certain licensed designs that plaintiffs now claim to own or control.

10. Transprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10, and so denies those allegations on that basis, except that Transprint admits that plaintiffs contend that Transprint does not have rights to certain designs and have attempted to coerce Transprint into discontinuing commercial activities with respect to those designs.

11. The allegations set forth in paragraph 11 include conclusions of law to which no responsive pleading is required, and those allegations are denied on that basis. Transprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 concerning the nature of the rights, if any, held by plaintiffs in and to certain Sublistatic designs, and those allegations are denied on that basis. Transprint admits that it has continued limited commercial activities with respect to certain Sublistatic designs in a manner consistent with its rights and the rights of certain third-party Sublistatic licensees.

## Count Two

1. Transprint incorporates by reference its responses to the allegations set forth in paragraphs 1 through 11 of Count One as if set forth fully herein.

2. The allegations set forth in paragraph 2 constitute conclusions of law to which no responsive pleading is required, and are denied on that basis.

3. Transprint denies the allegations set forth in paragraph 3.

4. Transprint denies the allegations set forth in paragrah 4.

## Count Three

1. Transprint incorporates by reference its responses to the allegations set forth in paragraphs 1 through 11 of Count One and paragraphs 1 through 4 of Count Two as if set forth fully herein.

2. The allegations set forth in paragraph 2 constitute conclusions of law to which no responsive pleading is required, and are denied on that basis.

3. Transprint denies the allegations set forth in paragraph 3.

4. Transprint denies the allegations set forth in paragraph 4.

## **AFFIRMATIVE DEFENSES**

1. Plaintiffs fail to state a claim upon which relief can be granted.

2. Transprint's rights and responsibilities in connection with certain Sublistatic designs are the product of licenses, the terms of which continue in force and were not affected by any purported transfer of Sublistatic designs to plaintiffs.

3. Plaintiffs have not suffered damage by any of Transprint's alleged actions.

4. Plaintiffs' claims are barred by estoppel.

5. Plaintiffs have failed to join indispensible parties.

6. Plaintiffs have waived all rights to any relief requested herein.

7. Any rights that plaintiffs may have acquired to any Sublistatic designs were taken by plaintiffs subject to existing rights of Transprint and/or Sublistatice licensees in and to those designs.

8. Plaintiffs' claims are barred by the doctrine of unclean hands.

9. Any recovery by Plaintiffs in this action would constitute an unjust enrichment.

**COUNTERCLAIMS**

**Count One – Intentional Interference with Contractual Relations**

1.      Defendant-counterclaim plaintiff Transprint USA, Inc. ("Transprint") is a Virginia corporation with a place of business at 1000 Pleasant Valley Road, Harrisburg, Virginia 22801.

2.      Upon information and belief, counterclaim defendant Miroglio, S.p.A ("Miroglio") is a corporation organized and existing under the laws of the Republic of Italy, with its principal place of business in Alba, Italy.

3.      Upon information and belief, counterclaim defendant Transfertex, G.m.b.H. & Co. ("Transfertex") is a German limited liabiliy company with its principal place of business in Kleinostheim, Germany.

4.      This Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1367 as this Counterclaim arises from the same case or controversy as the claim in the underlying action over which the Court has original jurisdiction.

5.      Through a long-standing business relationship with Sublistatic International, Transprint was authorized to enter into license agreements in the United States on behalf of Sublistatic for certain Sublistatic designs.

6.      Transprint entered into license agreements on Sublistatic's behalf with many United States licensees, many of which were and are Transprint customers for other designs as well ("Sublistatic licenses")   Typically these Sublistatic licenses were for some initial term, often 24 months, and by their terms would renew automatically thereafter for successive 12-

month renewal terms.  The typical Sublistatic licenses contained no provision that would cause them to terminate in the event Sublistatic filed for bankruptcy protection, and in fact contained provisions binding upon Sublistatic's successors.

7. Transprint collected license royalty payments on behalf of Sublistatic pursuant to the terms of the Sublistatic licenses and forwarded them as per the parties' agreement to Sublistatic, which accepted the payments on a regular basis.

8. Many Sublistatic licenses remain in force, and Transprint remains ready, willing, and able to perform its responsibilities as agent under those agreements for Sublistatic or any other subsequent licensor.  To date, however, no such person has provided Transprint with sufficient notice so that Transprint can be sure which entity is the proper licensor if Sublistatic is not.

9. Upon information and belief, Miroglio and Transfertex claim to have purchased certain Sublistatic designs at an asset auction in April of 2007 that include designs that are the subject of one or more Sublistatic licenses.

10. Upon information and belief, Miroglio and Transfertex were aware of the outstanding Sublistatic licenses at the time they claim to have purchased the Sublistatic designs at auction, and were further aware that Transprint had entered into the Sublistatic licenses on Sublistatic's behalf with a number of its existing customers in the United States.

11. Many of the licensees of the Sublistatic designs are Transprint customers.

12. Miroglio and Transfertex assert that the Sublistatic licenses are no longer in force.  In fact, the Sublistatic licenses remain in full force and effect.

13. If Miroglio and Transfertex are the current co-owners of the licensed Sublistatic designs, their ownership interests are subject to the existing Sublistatic licenses.

14. By wrongfully claiming that they own all rights in and to the licensed Sublistatic designs, including those that are subject to the Sublistatic licenses, Miroglio and Transfertex are damaging Transprint's commercial reputation among its customers that have licensed Sublistatic designs, and are tortiously interfering with the existing contractual relationships between Transprint and those customers.

15. As a result, Transprint has been damaged and continues to be damaged by the unsubstantiated claims of Miroglio and Transfertex.

### Count Two – Declaration of No Contributory Infringement

16. Transprint incorporates the allegations set forth in paragraph 1 through 15 above as if set forth fully herein.

17. Upon information and belief, the Sublistatic designs that Miroglio and Transfertex now claim to own are copyrighted designs.

18. Miroglio and Transfertex claim to have "exclusive rights to the ownership of the Sublistatic designs."

19. By claiming that the Sublistatic licenses are no longer in fource, Miroglio and Transfertex have cast a cloud over the rights of the Sublistatic licensees to use their respective licensed Sublistatic designs and are in fact alleging that each such Sublistatic licensee is infringing on copyrights that Miroglio and Transfertex now claim to own.

20. By alleging that Transprint has no right to continue to perform its responsibilities under the Sublistatic licenses, Miroglio and Transfertex are in fact accusing Transprint of contributory and/or vicarious copyright infringement.

21. An actual controversy exists concerning whether or not Transprint's continuing actions in connection with the Sublistatic licenses constitutes contributory and/or vicarious copyright infringement under the Copyright Act.

22. Transprint is entitled to a declaration that its continuing actions in connection with the administration of the Sublistatic licenses does not constitute contributory or vicarious copyright infringement under the Copyright Act.

WHEREFORE, Transprint respectfully request judgment from this Court in its favor and against plaintiffs as follows:

A. On Count One of plaintiffs' complaint, a declaration that the Sublistatic licenses remain in full force and effect, and that any rights that plaintiffs may have in and to the Sublistatic licenses are subject to those licenses;

B. On Counts Two and Three of plaintiffs' complaint, denying plaintiffs' request for injunctive relief;

C. On Count One of Transprint's counterclaim, awarding Transprint its damages in an amount to be determined at trial;

D. On Count Two of Transprint's counterclaim, a declaration that Transprint's continuing actions in connection with the administration of the Sublistatic licenses does not constitute contributory or vicarious copyright infringement under the Copyright Act;

E.   Awarding Transprint its costs of suit, including court costs and reasonable attorneys' fees, under common law and as a prevailing party under 17 U.S.C. § 505;

F.   Awarding Transprint such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 21, 2007

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP


By:___/s/ Kelly D. Talcott_____
     Kelly D. Talcott (KT 1776)

599 Lexington Avenue
New York, New York 10022
212-536-3900 voice
212-536-3901 facsimile

Attorneys for Defendant
Transprint USA, Inc.