UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
:
:
:
MIROGLIO S.p.A. and TRANSFERTEX :
G.m.b.H. & Co.                  : Index No. 07 cv 6306 (LAK)
                    Plaintiffs, :
    -against-                   : <u>AFFIDAVIT IN SUPPORT OF</u>
                                : <u>APPLICATION FOR CERTIFICATE</u>
TRANSPRINT USA, INC.,           : <u>OF DEFAULT</u>
                    Defendant.  :
                                :
-----------------------------------------------------------------X

STATE OF NEW YORK    )
                     )  ss:
COUNTY OF NEW YORK   )

    Kelly D. Talcott, being duly sworn, deposes and says:

    1.    I am a member of the bar of this Court, and am a member of the law firm of Kirkpatrick & Lockhart Preston Gates Ellis LLP, counsel for defendant/counterclaim plaintiff Transprint USA, Inc. ("Transprint") in this Action. I am fully familiar with all the facts and circumstances in this Action.

    2.    I make this affidavit pursuant to Rule 55.1 and 55.2(b) of the Civil Rules for the Southern District of New York and Fed.R.Civ.P. 55(a) and (d), in support of defendant's application for the issuance of a Certificate of Default with respect to its counterclaims against plaintiffs/counterclaim defendants Miroglio S.p.A. and Transfertex G.m.b.H. & Co.

    3.    Transprint's counterclaims seek (a) damages for counterclaim defendants' tortious interference with Transprint's customer relationships, and (b) a declaration that Transprint is not a contributory copyright infringer.

NY-564471 v1

4. Jurisdiction of the subject matter of this action is based on 28 U.S.C. § 1367 as Transprint's counterclaims arise from the same case or controversy as the claims in the underlying action over which the Court has original jurisdiction.

5. This action was commenced on July 10, 2007 by the filing of the summons and complaint. Transprint served and filed its Answer and Counterclaims on September 21, 2007. A copy of the Answer and Counterclaims was served on counsel for the plaintiffs/counterclaim defendants by first class mail and by way of this Court's "ECF" system. A copy of the Answer and Counterclaims is annexed hereto as Exhibit 1. A copy of the certificate of service for the Answer and Counterclaims is annexed hereto as Exhibit 2.

5. Transprint's counterclaims seek judgment for an unliquidated amount, and for a declaration that its continuing actions in connection with the administration of certain licenses do not constitute contributory or vicarious copyright infringement under the Copyright Act.

WHEREFORE, Transprint respectfully requests the issuance of a Certificate of Default against plaintiffs/counterclaim defendants. A proposed form of such Certificate of Default is annexed hereto as Exhibit 3.

Dated: New York, New York
November 2, 2007
5

Kelly D. Talcott

Sworn to before me this 5th
day of November, 2007.

Notary Public

ARNOLD J. BURRUS
Notary Public, State of New York
No. 41-4720413
Qualified in Queens County
Certificate Filed in New York County
Commission Expires March 30, 20 10

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

MIROGLIO S.p.A. and TRANSFERTEX
G.m.b.H. & Co.

                        Plaintiffs,

      -against-

TRANSPRINT USA, INC.,

                        Defendant.
----------------------------------------------------------x

Index No. 07 CV 6306 (LAK)

**ANSWER AND COUNTERCLAIMS**

Defendant Transprint USA, Inc. ("Transprint," or "Defendant") by its undersigned attorneys, for its Answer and Counterclaims to the complaint of Miroglio S.p.A. and Transfertex G.m.b.H. & Co. (together, "plaintiffs") aver as follows, with Transprint's answer set forth in numbered paragraphs that correspond to those in plaintiffs' complaint:

## ANSWER

### Count One

1. Transprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1, and so denies those allegations on that basis.

2. Transprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2, and so denies those allegations on that basis.

3. Transprint admits the allegations set forth in paragraph 3.

4. The allegations set forth in paragraph 4 constitute conclusions of law to which no responsive pleading is required, and are denied on that basis.

5. The allegations set forth in paragraph 5 constitute conclusions of law to which no responsive pleading is required, and are denied on that basis.

6. Transprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6, and so denies those allegations on that basis.

7. Transprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7, and so denies those allegations on that basis.

7 (sic). Transprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 (sic), and so denies those allegations on that basis, except that Transprint admits that a representative of Transprint was present at an auction of Sublistatic assets in France in April of 2007.

8. Transprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8, and so denies those allegations on that basis.

9. Transprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9, and so denies those allegations on that basis, except that Transprint admits that it has some continuing responsibilities with respect to certain licensed designs that plaintiffs now claim to own or control.

10. Transprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10, and so denies those allegations on that basis, except that Transprint admits that plaintiffs contend that Transprint does not have rights to certain designs and have attempted to coerce Transprint into discontinuing commercial activities with respect to those designs.

11. The allegations set forth in paragraph 11 include conclusions of law to which no responsive pleading is required, and those allegations are denied on that basis. Transprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 concerning the nature of the rights, if any, held by plaintiffs in and to certain Sublistatic designs, and those allegations are denied on that basis. Transprint admits that it has continued limited commercial activities with respect to certain Sublistatic designs in a manner consistent with its rights and the rights of certain third-party Sublistatic licensees.

### Count Two

1. Transprint incorporates by reference its responses to the allegations set forth in paragraphs 1 through 11 of Count One as if set forth fully herein.

2. The allegations set forth in paragraph 2 constitute conclusions of law to which no responsive pleading is required, and are denied on that basis.

3. Transprint denies the allegations set forth in paragraph 3.

4. Transprint denies the allegations set forth in paragrah 4.

### Count Three

1. Transprint incorporates by reference its responses to the allegations set forth in paragraphs 1 through 11 of Count One and paragraphs 1 through 4 of Count Two as if set forth fully herein.

2. The allegations set forth in paragraph 2 constitute conclusions of law to which no responsive pleading is required, and are denied on that basis.

3.  Transprint denies the allegations set forth in paragraph 3.

4.  Transprint denies the allegations set forth in paragraph 4.

### AFFIRMATIVE DEFENSES

1.  Plaintiffs fail to state a claim upon which relief can be granted.

2.  Transprint's rights and responsibilities in connection with certain Sublistatic designs are the product of licenses, the terms of which continue in force and were not affected by any purported transfer of Sublistatic designs to plaintiffs.

3.  Plaintiffs have not suffered damage by any of Transprint's alleged actions.

4.  Plaintiffs' claims are barred by estoppel.

5.  Plaintiffs have failed to join indispensible parties.

6.  Plaintiffs have waived all rights to any relief requested herein.

7.  Any rights that plaintiffs may have acquired to any Sublistatic designs were taken by plaintiffs subject to existing rights of Transprint and/or Sublistatice licensees in and to those designs.

8.  Plaintiffs' claims are barred by the doctrine of unclean hands.

9.  Any recovery by Plaintiffs in this action would constitute an unjust enrichment.

## **COUNTERCLAIMS**

### **Count One – Intentional Interference with Contractual Relations**

1.      Defendant-counterclaim plaintiff Transprint USA, Inc. ("Transprint") is a Virginia corporation with a place of business at 1000 Pleasant Valley Road, Harrisburg, Virginia 22801.

2.      Upon information and belief, counterclaim defendant Miroglio, S.p.A ("Miroglio") is a corporation organized and existing under the laws of the Republic of Italy, with its principal place of business in Alba, Italy.

3.      Upon information and belief, counterclaim defendant Transfertex, G.m.b.H. & Co. ("Transfertex") is a German limited liabiliy company with its principal place of business in Kleinostheim, Germany.

4.      This Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1367 as this Counterclaim arises from the same case or controversy as the claim in the underlying action over which the Court has original jurisdiction.

5.      Through a long-standing business relationship with Sublistatic International, Transprint was authorized to enter into license agreements in the United States on behalf of Sublistatic for certain Sublistatic designs.

6.      Transprint entered into license agreements on Sublistatic's behalf with many United States licensees, many of which were and are Transprint customers for other designs as well ("Sublistatic licenses")  Typically these Sublistatic licenses were for some initial term, often 24 months, and by their terms would renew automatically thereafter for successive 12-

month renewal terms. The typical Sublistatic licenses contained no provision that would cause them to terminate in the event Sublistatic filed for bankruptcy protection, and in fact contained provisions binding upon Sublistatic's successors.

7. Transprint collected license royalty payments on behalf of Sublistatic pursuant to the terms of the Sublistatic licenses and forwarded them as per the parties' agreement to Sublistatic, which accepted the payments on a regular basis.

8. Many Sublistatic licenses remain in force, and Transprint remains ready, willing, and able to perform its responsibilities as agent under those agreements for Sublistatic or any other subsequent licensor. To date, however, no such person has provided Transprint with sufficient notice so that Transprint can be sure which entity is the proper licensor if Sublistatic is not.

9. Upon information and belief, Miroglio and Transfertex claim to have purchased certain Sublistatic designs at an asset auction in April of 2007 that include designs that are the subject of one or more Sublistatic licenses.

10. Upon information and belief, Miroglio and Transfertex were aware of the outstanding Sublistatic licenses at the time they claim to have purchased the Sublistatic designs at auction, and were further aware that Transprint had entered into the Sublistatic licenses on Sublistatic's behalf with a number of its existing customers in the United States.

11. Many of the licensees of the Sublistatic designs are Transprint customers.

12. Miroglio and Transfertex assert that the Sublistatic licenses are no longer in force. In fact, the Sublistatic licenses remain in full force and effect.

13. If Miroglio and Transfertex are the current co-owners of the licensed Sublistatic designs, their ownership interests are subject to the existing Sublistatic licenses.

14. By wrongfully claiming that they own all rights in and to the licensed Sublistatic designs, including those that are subject to the Sublistatic licenses, Miroglio and Transfertex are damaging Transprint's commercial reputation among its customers that have licensed Sublistatic designs, and are tortiously interfering with the existing contractual relationships between Transprint and those customers.

15. As a result, Transprint has been damaged and continues to be damaged by the unsubstantiated claims of Miroglio and Transfertex.

### Count Two – Declaration of No Contributory Infringement

16. Transprint incorporates the allegations set forth in paragraph 1 through 15 above as if set forth fully herein.

17. Upon information and belief, the Sublistatic designs that Miroglio and Transfertex now claim to own are copyrighted designs.

18. Miroglio and Transfertex claim to have "exclusive rights to the ownership of the Sublistatic designs."

19. By claiming that the Sublistatic licenses are no longer in fource, Miroglio and Transfertex have cast a cloud over the rights of the Sublistatic licensees to use their respective licensed Sublistatic designs and are in fact alleging that each such Sublistatic licensee is infringing on copyrights that Miroglio and Transfertex now claim to own.

20. By alleging that Transprint has no right to continue to perform its responsibilities under the Sublistatic licenses, Miroglio and Transfertex are in fact accusing Transprint of contributory and/or vicarious copyright infringement.

21. An actual controversy exists concerning whether or not Transprint's continuing actions in connection with the Sublistatic licenses constitutes contributory and/or vicarious copyright infringement under the Copyright Act.

22. Transprint is entitled to a declaration that its continuing actions in connection with the administration of the Sublistatic licenses does not constitute contributory or vicarious copyright infringement under the Copyright Act.

WHEREFORE, Transprint respectfully request judgment from this Court in its favor and against plaintiffs as follows:

A. On Count One of plaintiffs' complaint, a declaration that the Sublistatic licenses remain in full force and effect, and that any rights that plaintiffs may have in and to the Sublistatic licenses are subject to those licenses;

B. On Counts Two and Three of plaintiffs' complaint, denying plaintiffs' request for injunctive relief;

C. On Count One of Transprint's counterclaim, awarding Transprint its damages in an amount to be determined at trial;

D. On Count Two of Transprint's counterclaim, a declaration that Transprint's continuing actions in connection with the administration of the Sublistatic licenses does not constitute contributory or vicarious copyright infringement under the Copyright Act;

E.  Awarding Transprint its costs of suit, including court costs and reasonable attorneys' fees, under common law and as a prevailing party under 17 U.S.C. § 505;

F.  Awarding Transprint such other and further relief as the Court deems just and proper.

Dated: New York, New York
       September 21, 2007

                                 KIRKPATRICK & LOCKHART
                                 PRESTON GATES ELLIS LLP

By: /s/ Kelly D. Talcott
     Kelly D. Talcott (KT 1776)

599 Lexington Avenue
New York, New York 10022
212-536-3900 voice
212-536-3901 facsimile

Attorneys for Defendant
Transprint USA, Inc.

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

MIROGLIO S.p.A. and TRANSFERTEX
G.m.b.H. & Co.

                        Plaintiffs,

-against-

TRANSPRINT USA, INC.,

                        Defendant.

------------------------------------------------------x

Index No. 07 CV 6306 (LAK)

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK  )
                             ) ss.:
COUNTY OF NEW YORK )

ROXANA I. BOBOC, being duly sworn, deposes and says:

1. I am employed by the firm of Kirkpatrick & Lockhart Preston Gates Ellis LLP, having offices at 599 Lexington Avenue, New York, New York 10022. I am over eighteen years of age and am not a party to this action.

2. On September 21, 2007, I caused to be served by First Class mail a true and correct copy of the **Answer and Counterclaims** by depositing the same, enclosed in a postage paid, properly addressed envelope, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York, on the following:

Frederick L. Whitmer, Esq.
Thelen, Reid, Brown, Raysman Steiner, LLP
875 Third Avenue
New York, NY 10022

Sworn to before me this
27th day of September, 2007

_____
Notary Public

DEBORAH JEAN CERIA MEYERS
Notary Public, State of New York
No. 31-4831744
Qualified in New York County
Commission Expires September 30, 200_9_

_____
Roxana I. Boboc

**Answers to Complaints**
1:07-cv-06306-LAK Miroglio S.P.A. et al v. Transprint USA, Inc.
ECF

## U.S. District Court

## United States District Court for the Southern District of New York

### Notice of Electronic Filing

The following transaction was entered by Talcott, Kelly on 9/21/2007 at 5:30 PM EDT and filed on 9/21/2007

**Case Name:** Miroglio S.P.A. et al v. Transprint USA, Inc.
**Case Number:** 1:07-cv-6306
**Filer:** Transprint USA, Inc.
**Document Number:** 7

**Docket Text:**
ANSWER to Complaint., COUNTERCLAIM against Miroglio S.P.A., Transfertex G.m.b.H. & Co.. Document filed by Transprint USA, Inc..(Talcott, Kelly)

**1:07-cv-6306 Notice has been electronically mailed to:**

Kelly Douglas Talcott    ktalcott@klng.com

Frederick L. Whitmer    fwhitmer@thelen.com

**1:07-cv-6306 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=9/21/2007] [FileNumber=3828696-0
] [49c66177efb36995343b51e12b00162ca6cfcf5b3a36b4055ccad590f151e4df37d
5df1fc0f6f5e9585c281bda98007ca1a6793a4aeec280be4e1cc55e58a949]]

# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
:
:
:
MIROGLIO S.p.A. and TRANSFERTEX :
G.m.b.H. & Co. : Index No. 07 cv 6306 (LAK)
                            Plaintiffs, :
   -against- : **CLERK'S CERTIFICATE OF**
: **DEFAULT**
TRANSPRINT USA, INC., :
                            Defendant. :
:
-------------------------------------------------------------X

     I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the Southern District of New York, do hereby certify that this action commenced on July 10, 2007 with the filing of a summons and complaint; that defendant/counterclaim plaintiff filed its answer and counterclaims on plaintiffs/counterclaim defendants on September 21, 2007 by serving counsel for plaintiffs/counterclaim defendants by first class mail and by way of this Court's Electronic Case Filing system, and proof of such service thereof was filed on September 21, 2007.

     I further certify that the docket entries indicate that the plaintiffs/counterclaim defendants have not filed a reply or otherwise moved with respect to the counterclaims herein. The default of the plaintiffs/counterclaim defendants is hereby noted.

Dated: New York, New York
        Nov 5, 2007

                                  J. MICHAEL MCMAHON
                                  Clerk of the Court

                       By: _____
                                Deputy Clerk

NY-564473 v1